CENTER HARDWARE CO., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Center Hardware Co. v. Commissioner
Docket No. 4616-80.
United States Tax Court
T.C. Memo 1981-197; 1981 Tax Ct. Memo LEXIS 544; 41 T.C.M. (CCH) 1326; T.C.M. (RIA) 81197; 2 Employee Benefits Cas. (BNA) 1255; April 23, 1981. Richard W. Blanz, (an officer) for petitioner. David L. Denier, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge James M. Gussis pursuant to section 7456(c), Internal Revenue Code of 1954, [1] and Rules 180 and 181 of the Tax Court Rules of Practice and Procedure.[2] This court agrees with and adopts his opinion which is set forth below. *546 OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: Respondent determined that petitioner was liable for excise taxes under the provisions of section 4975(a) for each of the years 1975 through 1978 in the respective amounts of $ 19, $ 58, $ 78 and $ 73. The issue is whether petitioner is subject to the excise tax imposed by section 4975 as a result of prohibited loan transactions with a qualified profit-sharing trust. FINDINGS OF FACT The facts have been substantially stipulated and they are found accordingly. Petitioner's principal place of business was 638 4th Street, San Francisco, California at the time the petition herein was filed. Petitioner adopted a profit-sharing plan on August 1, 1973. On August 11, 1976 the plan was determined to be a qualified plan under section 401. During the years 1975 through 1978 the plan was administered by a committee appointed by petitioner, with Richard W. Blanz, petitioner's president, serving as trustee of the plan. On May 13, 1975 petitioner obtained a loan from the trust executing a promissory note in favor of the trust for $ 4,546 at 10 percent interest payable in 36 monthly installments of $ 145.21 from *547 June 15, 1975 to December 20, 1977. On September 2, 1975 petitioner obtained a loan from the trust in the amount of $ 5,739.50 at 10 percent interest payable in 36 monthly installments of $ 186.50 from October 15, 1975 to September 15, 1978. In November 1977 petitioner obtained another loan from the trust. Payments on the loan began in January 1978 and continued until the transaction was corrected on November 13, 1978 at which time a total of $ 535.32 in interest had been paid. The purpose of the above loans was to purchase trucks for the business use of the petitioner. Respondent determined that said loans constituted prohibited transactions and that petitioner was therefore subject to an excise tax under the provisions of section 4975(a). OPINION Section 4975(a) imposes an excise tax "equal to 5 percent of the amount involved" with respect to a "prohibited transaction" as defined in section 4975(c). Section 4975(c)(1)(B) provides that the term "prohibited transaction" means any direct or indirect "lending of money or other extension of credit between a plan and a disqualified person." Section 4975(e)(2)(c) defines a "disqualified person" as "an employer any of whose *548 employees are covered by the plan" and, pursuant to section 4975(a), the excise tax is payable by the "disqualified person" who participates in the prohibited transaction. It fairly appears that the excise tax imposed by section 4975(a) is applicable under the factual circumstances before us and petitioner does not seriously contend otherwise. Instead, petitioner argues that it relied upon information from the Internal Revenue Service that the contemplated loan transactions did not constitute a prohibited transaction. It is unfortunate that petitioner was misled in this fashion and we can sympathize with his argument that the absence of interpretative guidelines in this complex statutory area presents difficulties for the small taxpayer. However, the law is settled that the respondent is not prevented from correcting erroneous advice given by his agents and from applying the law as it should be applied. Dixon v. Commissioner, 381 U.S. 68 (1965); Automobile Club of Michigan v. Commissioner, 353 U.S. 180 (1957). It is the statutes as enacted by Congress that determine the liability to tax. Therefore, on the basis of this record, we sustain the *549 respondent's determination. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. The Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based of the authority of the "otherwise provided" language of that rule.